IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAYMOND N. MILLHOUSE** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **MICHAEL NUTTER; LOUIS GIORLA;** | : | **No. 15-1622** |
| **and M. FARRELL** | : | |

**NORMA L. SHAPIRO, J.**                                                                                    **OCTOBER 14, 2015**

## MEMORANDUM

*Pro se* plaintiff Raymond N. Millhouse brings this action under 42 U.S.C. § 1983; he alleges violations of his constitutional rights while incarcerated within the Philadelphia Prison System. The court granted plaintiff's application to proceed *in forma pauperis* on September 21, 2015. The court will dismiss plaintiff's complaint *sua sponte* under 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim. Plaintiff will be granted leave to file an amended complaint.

Plaintiff's complaint alleges: Mayor Michael Nutter, Commissioner of Philadelphia Prison System Louis Giorla, and Warden of Curran-Fromhold Correctional Facility Michele Farrell violated his First, Fifth, Eighth, and Fourteenth Amendment rights; as a pretrial detainee within the Philadelphia Prison System, he was housed in three and four-man cells and subjected to overcrowded conditions including inadequate recreational space, poor ventilation and air quality, damaged mattresses and sheets, inadequate laundry access, and inadequately trained correctional officers to supervise the overcrowded prison. He contends the showers "are covered with black mold and in disrepair, and the cells are infested with insects and rodents." The complaint further states inmates were "subjected to extended periods of 'restricted movement' and 'lockdowns.'" Plaintiff alleges he has a torn meniscus injury and seeks compensatory and punitive damages.[1] Plaintiff is no longer in custody.

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court can *sua sponte* dismiss any *in forma pauperis*

---

[1] Under the Prison Litigation Reform Act, an incarcerated plaintiff cannot recover compensatory damages if he has not alleged and proved a substantial physical injury. 28 U.S.C. § 1997(e)(e).

action if the court finds the complaint fails to state a claim on which relief may be granted. The standard under this subsection is the same as the standard to evaluate a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). A complaint must contain sufficient facts that, when accepted as true, state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). A complaint is facially plausible if it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not establish a plausible allegation. *Id.* Where, as here, the plaintiff is proceeding *pro se*, "the court has an obligation to construe the complaint liberally." *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009).

Section 1983 provides a remedy for deprivation of rights established by the Constitution or federal law. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate the defendant deprived him of a right secured by the Constitution or laws of the United States. *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006). Under § 1983, personal wrongdoing of each defendant must be shown "through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). A defendant cannot be held liable for a constitutional violation he did not participate in or approve. *Baraka v. McGreevey,* 481 F.3d 187, 210 (3d Cir. 2007).

Plaintiff's complaint alleges claims based on his housing in the overcrowded Philadelphia Prison System. Plaintiff has failed to include any allegations that defendants were personally involved in the alleged deprivation of his constitutional rights. Plaintiff's complaint names defendants, states defendants' responsibilities, and alleges the Mayor of Philadelphia and the City Managing Director devoted funds "to obstruct the Plaintiff's aforementioned rights under the Constitution" by placing the plaintiff in three- and four-man cells. Listing defendants' job responsibilities and generally alleging funds are being directed to obstruct plaintiff's rights without additional information are insufficient to create allegations of

personal direction or actual knowledge and acquiescence. The allegations in plaintiff's complaint are not sufficient to state a claim against the individual defendants under § 1983.

Plaintiff also alleges he has a torn meniscus. Plaintiff has failed to state how this injury occurred or how defendants are liable for the injury. Plaintiff has failed to allege defendants were even aware he had a torn meniscus. This claim will be dismissed.

A district court should generally grant an *in forma pauperis* plaintiff the right to amend his pleading unless an amendment would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Since it is conceivable plaintiff could amend his complaint to overcome its deficiencies, he will be granted leave to file an amended complaint.

Plaintiff's complaint is dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff will be granted leave to file an amended complaint on or before November 12, 2015. If plaintiff fails to file an amended complaint on or before November 12, 2015, the court will dismiss this action. An appropriate Order follows.